UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

SHONTEZ FRAZIER,  )
   Plaintiff,  )
      )
vs.  )  Case No. 22-1110
      )
JON SANDAGE, et. al.,  )
   Defendants  )

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

On May 24, 2021, Plaintiff filed a complaint in state court against Defendant Jon Sandage for mandamus relief. (Notice of Removal, Ex. A, D, *Frazier v. Sandage*, Case No. 2021 MR 000316). On March 14, 2022, Plaintiff filed an amended complaint pursuant to 42 U.S.C.§1983 against Defendants McLean County Sheriff Jon Sandage, Jail Superintendent Diane Hughes, Assistant Superintendent Matthew Proctor, Correctional Sergeant Scott Kerr, Inmate Services Member Jackie Mathias, Correctional Sergeant Thomas Schroeder, and Correctional Sergeant Thomas McCormick. (Notice of Removal, Ex. B).

On April 5, 2022, the Defendants filed a Notice of Removal moving this lawsuit from the Illinois' Eleventh Judicial Circuit to the United States District Court for the Central District of Illinois. (Notice of Removal, [1]). Defendants have paid the filing fee in full and have waived service of process.

The Court is now required by 28 U.S.C. §1915A to "screen" the Plaintiff's amended complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff alleges the seven named McLean County Defendants denied his right of access to the courts. However, it is difficult to decipher the basis for this claim from Plaintiff's 109-page complaint. For instance, Plaintiff repeatedly states the Defendants somehow tampered with his discovery, but he has failed to provide any factual support for this allegation. Plaintiff apparently believes his discovery should have been stored in a secured location, but he has not indicated who tampered with his discovery, how they tampered with his documents, or what impact it had on any litigation.

Plaintiff also repeatedly alleges the jail staff refused to provide him with copies of documents. Some of the attached grievances indicate Plaintiff was advised he needed to do more than simply ask for copies. He also had to specify which documents and why they were needed.

Most important, a prisoner's fundamental right of access to the courts is violated only when an inmate is both deprived of access and suffers an actual injury as a result. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996). To establish an "actual injury," an inmate must show Defendants hindered his efforts to pursue a nonfrivolous claim. *See Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir. 2002). For instance, "the mere denial of

2

access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006).   Therefore, a complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Marshall*, 445 F.3d at 968. "The actual injury requirement is not waived even if systemic, continuous denials are alleged." *Dickerson v Hostetler*, 2010 WL 1241815 at *3 (C.D.Ill. March 22, 2010); *citing Ortiz v Downey*, 561 F.2d. 664 (7th Cir. 2009).

In this case, Plaintiff lists several pending lawsuits, but he makes no specific connection between a denial of copies or tampering with discovery and an actual injury in one of his cases.  The Court takes judicial notice of Plaintiff's previous lawsuits in the Central District of Illinois.  One lawsuit pursuant to 42 U.S.C.§1983 and two habeas petitions were dismissed at initial screening and not based on a failure to provide copies. *See Frazier v. McLean County States Attorney*, Case No. 21-1067; *Frazier v. Sandage*, Case No. 21-1005; *Frazier v. Sandage*, 21-1081.  Plaintiff also has one currently pending §1983 case. *See Frazier v. McLean County Jail*, Case No. 20-1426.  There is no indication Plaintiff has faced discovery difficulties, but even if he has, Plaintiff *must* address any problems in his pending lawsuit.

Finally, Plaintiff notes he is a pretrial detainee facing pending, state court criminal charges. *See Illinois v. Frazier*, Case No. 2019 CF 1020.  Even if Plaintiff is proceeding *pro se* in his criminal case, he must address any discovery issues in his pending case.[1]

The Court also notes in his claims for relief, Plaintiff repeatedly asks for preliminary injunctive relief. First, a preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997).

Second, a "plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008) (citations omitted). *See also Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013); *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007); *Cooper v. Salazar*, 196 F.3d 809, 813 (7th Cir. 1999). Plaintiff has not made this showing.  Plaintiff has failed to clearly state a constitutional violation, and for any currently pending cases, Plaintiff must address his specific discovery concerns in those cases.

---

[1] Courts have previously explained Plaintiff's federal civil claims require dismissal when federal litigation would interfere with ongoing state criminal proceedings. *See Frazier v. McLean County States Attorney*, Case No. 21-1067, May 4, 2021 Order, p. 2, *citing Younger v. Harris*, 401 U.S. 37 (1971),

Consequently, Plaintiff's amended complaint is dismissed pursuant to 28 U.S.C. §1915A for failure to clearly articulate a claim upon which relief could be granted and as a violation of Federal Rule of Civil Procedure 8 which requires a short and plain statement of the claim showing the pleader is entitled to relief.

The Court will allow Plaintiff one final opportunity to clarify his claim. For his denial of access to the Courts allegation, Plaintiff must specifically state what the Defendants did, when they did it, and how this conduct prevented Plaintiff from pursuing a nonfrivolous claim. Plaintiff must not simply list all previous lawsuits and make vague allegations of interference with discovery or failing to provide copies. Instead, Plaintiff's new complaint must make a connection between Defendants' conduct and the inability to litigation a specific, nonfrivolous claim. Plaintiff must not refer to pending litigation. Finally, Plaintiff should not attach exhibits to his complaint, but instead state his claims clearly in the body of his complaint.

IT IS THEREFORE ORDERED:

1) Plaintiff's amended complaint is dismissed pursuant to 28 U.S.C. §1915A for failure to clearly articulate a claim upon which relief could be granted and as a violation of Federal Rule of Civil Procedure 8 which requires a short and plain statement of the claim showing the pleader is entitled to relief.

2) Plaintiff must file an amended complaint clarifying his claims in compliance with this order on or before July 13, 2022. If Plaintiff does not file an amended complaint or does not follow the Court's directions by the July 13, 2022 deadline, his case will be dismissed with prejudice.

3) The Clerk is to provide Plaintiff with a blank complaint form to assist him and reset the internal merit review deadline.

Entered this 22nd day of June, 2022.


s/James E. Shadid

_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE