UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| SHONTEZ FRAZIER, )<br>   Plaintiff, )<br>)<br>vs. )<br>)<br>JON SANDAGE, et. al., )<br>   Defendants ) | Case No. 22-1110 |

CASE MANAGEMENT ORDER

JAMES E. SHADID, U.S. District Judge:

This cause is before the Court for consideration of Plaintiff's Motion for Leave to File a Second Amended Complaint. [7].

I. BACKGROUND

Plaintiff's First Amended Complaint was dismissed pursuant to 28 U.S.C. §1915A for failure to clearly articulate a claim upon which relief could be granted and as a violation of Federal Rule of Civil Procedure 8.[1] *See* June 22, 2022 Case Management Order. Plaintiff alleged seven McLean County Defendants denied his right of access to the courts, but it was difficult to decipher the basis of this claim from Plaintiff's 109-page complaint.  Plaintiff made vague reference to problems with discovery, a need for

---

[1] Plaintiff filed his initial complaint and his first amended complaint in state court before Defendants filed a Notice of Removal moving this lawsuit from the Illinois' Eleventh Judicial Circuit to the United States District Court for the Central District of Illinois. (Notice of Removal, [1]).

copies, and then listed several of his pending lawsuits. However, Plaintiff did not identify any problems which impacted his ability to litigate a specific case.

Plaintiff was advised a prisoner's fundamental right of access to the courts was violated *only* when an inmate was both deprived of access and suffered an actual injury as a result. *See Lewis v. Casey*, 518 U.S. 343, 350 (1996)(emphasis added). A prisoner could establish an "actual injury," by claiming Defendants hindered his efforts to pursue a nonfrivolous claim. *See Tarpley v. Allen County*, 312 F.3d 895, 899 (7th Cir. 2002).

Plaintiff was also admonished he must address any problems with discovery in a pending lawsuit directly in the pending case.

> The Court will allow Plaintiff one final opportunity to clarify his claim. For his denial of access to the Courts allegation, Plaintiff must specifically state what the Defendants did, when they did it, and how this conduct prevented Plaintiff from pursuing a nonfrivolous claim. Plaintiff must not simply list all previous lawsuits and make vague allegations of interference with discovery or failing to provide copies. Instead, Plaintiff's new complaint must make a connection between Defendants' conduct and the inability to litigation a specific, nonfrivolous claim. Plaintiff must not refer to pending litigation. Finally, Plaintiff should not attach exhibits to his complaint, but instead state his claims clearly in the body of his complaint. June 22, 2022 Case Management Order, p. 5.

Plaintiff has now filed his Motion for Leave to File a Second Amended Complaint which is granted pursuant to Federal Rule of Civil Procedure 15. [7].

## II. MERIT REVIEW

The Court is still required by 28 U.S.C. §1915A to "screen" the Plaintiff's Second Amended Complaint, and through such process to identify and dismiss any legally insufficient claim, or the entire action if warranted. A claim is legally insufficient if it

2

"(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A.

Plaintiff has identified one Defendant, McLean County Sheriff Jon Sandage, and again alleges he was denied access to the courts. While not entirely clear, it appears Plaintiff was asking jail staff to make additional copies of documents for potential use in litigation. Plaintiff states he had "only one FILED STAMPED copy" of each document and was requesting photocopying services for other litigation. (Sec. Amd. Comp., p. 8).

Plaintiff provides details of his requests for copies, his grievances concerning the denials, and the McLean County Jail's continued refusal to provide free copies. Jail staff advised Plaintiff they were following procedures and could not provide the requested copies without providing photocopying services to all inmates. In addition, Plaintiff was advised he could address his concerns with the specific court involved.

Plaintiff points to three specific cases which he claims were impacted by the refusal to provide copies. The first two were filed in McLean County Circuit Court: *Frazier v. Workman*, Case No. 21 MR 545, and *Frazier v. Workman*, Case No. 21 MR 546. The Court takes Judicial Notice of the filings and notes the presiding judge found the two cases were substantially similar.[2] Plaintiff says he filed the cases against State Court Judge William Workman based on "ignoring recognized principles of law" in his

---

[2] McLEAN COUNTY GOVERNMENT, Civil Cases, *Frazier v. Workman*, Case No. 21 MR 545, Nov. 10, 2015; *Frazier v. Workman*, Case No. 21 MR 546.

criminal cases. (Sec.Amd.Comp, p. 9). Both cases were dismissed at the initial review. The dockets indicate Plaintiff has recently filed appeals which are still pending.

Plaintiff claims he was denied access to the court because he was not able to attach exhibits to his mandamus petition and he has not been able to file additional exhibits with the appellate court.

Plaintiff has failed to identify a nonfrivolous claim. Although Plaintiff may disagree with the rulings of the state court judge, "[m]andamus cannot be used to review orders or judgments for error or to alter a judge's actions when he had the jurisdiction to act." *See Coleman v. Schroeder*, 2022 WL 611277 at *3 (Ill. App. March 1, 2022); *citing In re Commitment of Phillips*, 367 Ill. App. 3d 1036, 1042 (2006). Plaintiff's petition was dismissed.

In addition, Plaintiff was not prevented from filing his petition for mandamus or his appeal. As noted, his appeal is still pending and is in the initial stages. Therefore, Plaintiff has failed to allege any specific harm due to the lack of copies. Plaintiff is advised he should address his concerns regarding submitting any additional documentation in his appeal.

Plaintiff also includes a vague claim alleging jail staff's failure to provide photocopying services is hindering two other appeals, but he admits those appeals are also pending. (Sec. Amd. Comp., p. 10). Furthermore, Plaintiff has failed to identify any specific injury. Plaintiff was previously admonished his complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison

conditions." June 22, 2022 Case Management Order, p. 3, *quoting Marshall*, 445 F.3d at 968.

Plaintiff next claims the failure to provide copies "caused actual injury" and impeded his ability to litigate a federal claim in *Frazier v. McLean County Jail*, Case No. 20-1426. Plaintiff says he was unable to provide copies of witness affidavits and grievances during discovery. The Court again takes judicial notice of the cited lawsuit which is still pending in the Central District of Illinois. Plaintiff has filed a pending motion for an extension of time to complete discovery and he should address his concerns directly in *Frazier*, Case No. 20-1426. However, Plaintiff has again failed to allege he was deprived of access and suffered an actual injury as a result. *See Lewis,* 518 U.S. at 350.

Plaintiff's complaint also mentions "deliberate indifference" and violations of other constitutional provisions, but he has failed to provide a factual basis for any other claim. (Sec. Amd. Comp., p. 14). In addition, Plaintiff claims the Defendant's actions were negligent, but negligence does not rise to the level of a constitutional violation. *See Charles v. Abernathy*, 2022 WL 2252749, at *1 (C.D.Ill. June 22, 2022), *citing Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986). Furthermore, the Court declines to exercise supplemental jurisdiction over any claims arising under state law.

The Court does not believe Plaintiff can cure the stated deficiencies if given an opportunity to file a third amended complaint.

IT IS THEREFORE ORDERED:

5

1) Plaintiff's Motion for Leave to File a Second Amended Complaint is GRANTED pursuant to Federal Rule of Civil Procedure 15. [7].

2) Pursuant to the merit review, Plaintiff's Second Amended Complaint is dismissed for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) and 28 U.S.C. Section 1915A. The Court also declines to exercises supplemental jurisdiction over any intended state law claims and dismisses those state law claims without prejudice. This case is closed.

3) This dismissal shall count as one of the Plaintiff's three allotted strikes pursuant to 28 U.S.C. Section 1915(g). The clerk of the court is directed to record the Plaintiff's strike in the three-strike log.

4) If the Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a). A motion for leave to appeal *in forma pauperis* MUST set forth the issues the Plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the Plaintiff does choose to appeal, he will be liable for the $505 appellate filing fee irrespective of the outcome of the appeal.

Entered this 20th day of October, 2022.

s/James E. Shadid
_____
JAMES E. SHADID
UNITED STATES DISTRICT JUDGE